**Emerson M.F. JOU, M.D.,
Plaintiff–Appellant,**

v.

**HAWAII JUDICIAL SELECTION
COMMISSION; et al.,
Defendants–Appellees.**

No. 06–17082.

United States Court of Appeals,
Ninth Circuit.

Submitted July 1, 2008.*

Filed July 10, 2008.

Stephen M. Shaw, Esq., Honolulu, HI, for Plaintiff–Appellant.

Robyn Chun, Esq., Office of the Hawaii Attorney General Land/Transportation Division, Russell A. Suzuki, Honolulu, HI, for Defendants–Appellees.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Emerson M.F. Jou, M.D., appeals from the district court's judgment dismissing his

---

\* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claims for declaratory relief and injunctive relief to enjoin the individual defendants and others from serving on the Hawaii Judicial Selection Commission ("Commission"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1100 (9th Cir.2007), and we affirm.

The district court properly dismissed Jou's claims for failure to meet the injury-in-fact requirement of Article III standing because, even assuming that all judges petition the Commission for reappointment, the likelihood of injury relies on the speculative assumption that (1) Jou's future lawsuits will be assigned to judges who must petition for reappointment while the individual defendants serve on the Commission; or (2) future Commission members will have financial and/or fiduciary relationships with the insurance companies that Jou intends to sue. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 (9th Cir.2000) (concluding that plaintiffs failed to meet the injury-in-fact requirement for their injunctive relief claim because the likelihood of future injury depended upon a speculative assumption).

Further, Jou's claims are not ripe for review because he has not attempted to raise his structural bias claim in state court. *See Standard Alaska Prod. Co. v. Schaible*, 874 F.2d 624, 629–30 (9th Cir. 1989) (holding that claim alleging bias of all state court judges was not ripe for review when claim had not been raised in state court proceedings).

**AFFIRMED.**